■ AVALON REALTY, INC., Respondent, v MARTIN BAUMRIND et al., Appellants. [610 NYS2d 269] —Judgment, Supreme Court, New York County (Carol Arber, J.), entered January 19, 1994, in favor of plaintiff and against defendants in the amount of $698,683.83 inclusive of interest, costs and disbursements, and bringing up for review an order, same court and Justice,

entered October 4, 1993, which, in an action to recover the down payment on the purchase of certain real property, *inter alia,* granted plaintiff buyer's motion for partial summary judgment in the amount of $420,000 plus interest, and denied defendants-sellers' cross motion for summary judgment dismissing the second amended complaint, unanimously affirmed, with costs. The appeal from the order is unanimously dismissed as subsumed within the appeal from the judgment, without costs.

The IAS Court properly found that the sellers' representation contained in the 1986 contract that the subject property was not designated as tidal wetlands was false in view of the fact that a portion of the property had been mapped as tidal wetlands by the Department of Environmental Conservation on the basis of a 1974 aerial survey, that any knowledge on the part of the buyer or its predecessors of the true status of the property is immaterial in view of the sellers' additional representation that the non-designation status of the property was to continue until delivery of the deed, and that the additional sellers' representation that current zoning and land use restrictions affecting the property would not diminish its development potential was independent of the non-designation representation and does not make the latter ambiguous. The contract was never amended to remove the representation, nor were adjustments made in the purchase price to take account of the designation. The parties are presumed to have intended what they wrote, and the sellers' offer of parol evidence was properly rejected. Since the title defect existed from the outset and could not have been cured by the date of closing, the court properly awarded prejudgment interest from the date of contract, "the earliest ascertainable date the cause of action existed" (CPLR 5001 [b]).

We have considered the sellers' remaining contentions and find them to be without merit. Concur—Ellerin, J. P., Wallach, Kupferman, Rubin and Tom, JJ.